Emmett Pierre NASH, Petitioner—
Appellant,

v.

John LAMBERT, Superintendent,
Respondent—Appellee.

No. 02–36131.

D.C. No. CV–97–00022–JKS.

United States Court of Appeals,
Ninth Circuit.

Submitted July 17, 2003.*

Decided Sept. 26, 2003.

Peter A. Camiel, Mair & Camiel, Seattle, WA, for Petitioner–Appellant.

Paul D. Weisser, AAG AGWA–Office of the Washington Attorney General, for Olympia, WA, for Respondent–Appellee.

Before GOODWIN, ALARCON, and MCKEOWN, Circuit Judges.

MEMORANDUM**

This is Emmett Nash's second appeal from judgments denying his petition for a writ of habeas corpus. The first appeal, decided October 24, 2000, resulted in a remand to the district court for an evidentiary hearing to decide questions of fact that this court held to be inappropriate for summary disposition. After a two-day hearing, the district court made findings of fact and again denied the writ. We have examined the record, and affirm the judgment. The parties are familiar with the facts and thus we do not recite them here.

Analysis

A. Breakdown in Communication

Nash contends that a breakdown in communication with his attorney, Harvy Chamberlin, stemmed from a disagreement over trial tactics. At a threshold

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

level, Nash fails to overcome the presumption that Chamberlin's decisions were the result of reasonable trial strategies. *See Strickland v. Washington,* 466 U.S. 668, 689–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We agree with the district court's findings that both Nash and Chamberlin initially agreed to exculpate Nash without implicating his brother Jose, and, in the alternative, to confuse the record and litter the trial with seeds of error for appellate review.

We also agree with the district court's finding that no actual breakdown in communication occurred. Even if one assumes that some lapse in communication occurred, it was initiated by Nash when he refused to attend trial and speak to Chamberlin. *See Hudson v. Rushen,* 686 F.2d 826, 831 (9th Cir.1982) (affirming denial of substitution motion based on ineffective assistance of counsel when breakdown of communication was caused by defendant's voluntary conduct).

**B. Chamberlin's Attempted Withdrawal**

After reviewing the relevant testimony, we agree with the district court's finding that the trial court did not deny Nash effective assistance of counsel by refusing to substitute Chamberlin with another attorney in the middle of trial. *See United States v. Smith,* 282 F.3d 758, 763 (9th Cir.2002). The trial judge conducted an appropriate inquiry into the cigarette smuggling matter, and reasonably concluded that Chamberlin could provide a zealous defense and that the prosecution would not attempt to exploit the issue. Nash's subsequent attempts to substitute counsel in the middle of trial were also properly denied. His generalized complaints about Chamberlin did not reveal a total breakdown in communication, and the presence of Terry Mulligan as liaison counsel mitigated any possibility of prejudice.

**C. Chamberlin's Purported Abandonment**

Nash contends that Chamberlin threw in the proverbial towel midway through the trial and embarked on a course of such deficient representation as to constitute a Sixth Amendment violation. "To constitute denial of the effective assistance of counsel guaranteed by the Sixth Amendment, counsel must have been so incompetent or inefficient as to make the trial a farce or a mockery of justice." *Peek v. United States,* 321 F.2d 934, 944 (9th Cir. 1963).

Although Chamberlin made various mistakes throughout the trial, in particular his cross-examination of the DNA expert, we cannot say that his performance was so deficient as to render Nash's representation a mockery of justice. We agree with the district court's finding that the state's case against Nash was so strong that any mistake committed by Chamberlin would have been harmless. *See Strickland,* 466 U.S. at 687 (to prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense).

**AFFIRMED.**